UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BAR OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL EVERETT,<br><br>    Defendant. | Case No. 17-cv-03595-SI<br><br>**ORDER DENYING MOTIONS FOR RECUSAL AND REMANDING CASE TO STATE BAR COURT** |

**BACKGROUND**

Defendant Daniel Everett, a licensed attorney in California, faces various disciplinary charges in State Bar court. Defendant removed the State Bar proceedings to this Court on March 29, 2017 and was assigned Case No. 17-cv-1716. The Court ultimately found that it lacked subject matter jurisdiction over the proceedings and remanded the case to State Bar court on May 2, 2017. *See* Case No. 17-cv-1716, Dkt. Nos. 18, 21, 29.

Defendant filed a second notice of removal in June, which led to the instant case. *See* Dkt. No. 1.[1] Although defendant has adjusted his factual allegations slightly, the petition is roughly the same as his first – defendant still claims this State Bar action is removable under 28 U.S.C. § 1443. Defendant claims that because the State Bar court did not initially stay proceedings pending this Court's decision on defendant's first removal petition, he now has an independent basis upon which he may remove this case under section 1443.

On August 2, 2017, the Court denied multiple motions by defendant to recuse the

---

[1] Unless otherwise noted, citations to the docket refer to Case No. 17-cv-3595-SI (N.D. Cal. filed June 21, 2017).

1 Undersigned in both this matter and the related matter, 17-cv-1716-SI. *See* Dkt. No. 15. Now before the Court are a number of remaining motions. Defendant brings various administrative motions, a motion to strike, and two new, virtually identical motions for recusal of the Undersigned. *See* Dkt. Nos. 7, 8, 19, 20, 21, 23. Plaintiff State Bar of California ("State Bar") has moved to remand this case to State Bar court and also asked this Court to sanction defendant pursuant to Federal Rule of Civil Procedure 11. Dkt. Nos. 12, 18. The State Bar has since withdrawn its motion for sanctions. *See* Dkt. No. 30.

Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and VACATES the hearing scheduled for September 1, 2017. For the reasons set forth below, the Court DENIES defendant's motions for recusal, and once again REMANDS this case to State Bar court.

## DISCUSSION

### I. Defendant's Serial Recusal Motions

Less than two weeks after the Court denied defendant's multiple recusal motions, *see* Dkt. No. 15, defendant has filed two new motions to recuse the Undersigned. Dkt. Nos. 20, 21. These two motions are virtually identical to one another, and claim that the Undersigned, as well as the Northern District Clerk's Office, are colluding with the State Bar in this matter. Defendant claims that because the State Bar had knowledge of one of his filings before it was entered on the ECF docket in this case, the Court and Clerk's Office must be colluding with the State Bar. Defendant's suggestion of improper collusion is factually unsupported. As the State Bar notes, it knew of defendant's filings because he filed identical documents in the related action, 17-cv-1716, not because of collusion with the Clerk's Office. Defendant's latest motions for recusal are meritless, and are DENIED.

### II. State Bar's Motion to Remand

Defendant fails to establish removal jurisdiction. Defendant argues that the State Bar's motion to remand is untimely, but a motion to remand for lack of subject matter jurisdiction can

be made at any time, and the Court must remand an action *sua sponte* if it lacks jurisdiction. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Because the Court lacks jurisdiction, the State Bar's compliance or noncompliance with remand procedures is irrelevant.

Setting aside the procedural defects in defendant's serial removal petitions, defendant fails to state a cognizable basis for removal under 28 U.S.C. § 1443.[2] Section 1443 "allow[s] a party to remove an otherwise unremovable action where the party is asserting a federal claim of race discrimination that cannot be enforced in the state courts." *Deutsche Bank National Trustee Co. v. Cutlip*, No. 17-cv-1416-HRL, 2017 WL 1032218, at *2 (N.D. Cal. Mar. 17, 2017) (citation and internal quotation marks omitted). "Supreme Court and Ninth Circuit precedent [] limit removal under section 1443(1) to only cases where [removal] is predicated upon racial discrimination." *Baldini Real Estate, Inc. v. Cruz*, No. 15-cv-2932-YGR, 2015 WL 4760510, at *2 (N.D. Cal. Aug. 12, 2015). A petition for removal under section 1443 must satisfy a two-part test: (i) "the petitioner[] must assert, as a defense . . . , rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights[]"; and (ii) the petitioner must also "assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citation and internal quotation marks omitted).

For the second time, defendant has failed to satisfy section 1443's two-part test. Defendant argues that somehow the California Constitution, Article III, § 3.5(c), prohibits the enforcement of his federal civil rights in the State Bar court. Article III, § 3.5(c) merely states that a state administrative agency has no power to "refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has

---

[2] Defendant concedes that the only basis for his removal petition is 28 U.S.C. § 1443. *See* Dkt. No. 23 at 2.

3

made a determination that the enforcement of such statute is prohibited by federal law or federal regulations." Defendant seems to suggest that because the State Bar court ignored his notice of removal, it deprived him of his right to invoke federal jurisdiction. He also argues that the State Bar Act prohibits the State Bar from complying with a valid notice of removal. These arguments are unpersuasive. First, it is not clear how either of these allegations amounts to a violation of defendant's "equal racial civil rights." *Patel*, 446 F.3d at 999. Second, defendant's attempts at removal are not a "defense" to his State Bar proceedings. *See id.* And finally, defendant has identified nothing in the California Constitution, the State Bar Act, or any other state statute or constitutional provision that functions to "command" the State Bar court to ignore defendant's federal civil rights.

On these facts, this case does not belong in federal court. Consistent with the Court's previous ruling, removal of this case was improper.[3] The Court finds that defendant's second attempt at removal was meritless and offered in an effort to further delay his State Bar court proceedings. Plaintiff's motion to remand is GRANTED.

### III. Sanctions

The State Bar has withdrawn its Rule 11 sanctions motion, Dkt. No. 30. However, both Rule 11 and the Court's general supervisory powers provide avenues for Courts to take actions which will deter repetition of inappropriate conduct. "Federal courts can regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." *Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 11(c)(3) (permitting Rule 11 sanctions on the Court's initiative).[4]

---

[3] The Court need not decide whether defendant's State Bar proceedings are a "civil action[] or criminal prosecution[], commenced in a State court" pursuant to section 1443. Nothing in defendant's late-filed opposition to the State Bar's remand motion, or his "addendum to petition for removal," changes the Court's finding that this case is not removable under section 1443. *See* Dkt. Nos. 26, 27, 28.

[4] Defendant has been informed of this before. See *Boschetti v. Daniel Everett O'Blenis*, No. 13-cv-2706-CW, Dkt. Nos. 22, 30 (describing defendant's repeated attempts at removal and

4

**Defendant is hereby notified that any subsequent meritless attempts at removing these State Bar court proceedings to federal court *will* result in sanctions, including, but not limited to, a pre-filing order and referral to the Court's Standing Committee on Professional Conduct**.

## CONCLUSION

For the foregoing reasons, the Court rules as follows:

Plaintiff's motion to remand is GRANTED. Defendant is hereby warned that additional meritless attempts at removing his State Bar court proceedings will result in additional sanctions.

Defendant's motions for recusal are DENIED. Defendant's motion to strike is DENIED. Defendant's motions for additional time, Dkt. Nos. 8, 19 and 31, are DENIED AS MOOT. Defendant's motion for leave to proceed *in forma pauperis* is DENIED AS MOOT.

This order resolves Dkt. Nos. 7, 8, 12, 19, 20, 21, 23 and 31. The Clerk of Court is hereby directed to close the file.

**IT IS SO ORDERED**.

Dated: August 22, 2017

_____
SUSAN ILLSTON
United States District Judge

---

ordering sanctions; describing additional filings including five bankruptcy petitions in four different courts, such as the District of Puerto Rico and the District of the Virgin Islands); and *In re: Daniel Everett*, No. 14-cv-3873-CW, Dkt. No. 30 (describing same filing history).